# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:04CV105

| | |
|---|---|
| LESSIE L. TURBYFILL,<br>    Plaintiff,<br><br>v.<br><br>PAXAR AMERICAS, INC.,<br>    Defendant. | )<br>)<br>)    **ORDER**<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion for Summary Judgment of Defendant Paxar Americas, Inc." (Document No. 11) and "Defendant Paxar Americas, Inc.'s Brief in Support of Motion for Summary Judgment" (Document No. 12), both filed on September 6, 2005. In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court sent Ms. Turbyfill notice of her right to file a response in opposition to the above-noted Motion and Brief. Ms. Turbyfill did not respond to the Court's "Order" (Document No. 13), dated January 24, 2006. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and this matter is now ripe for consideration.

Evidence before the Court consists of Ms. Turbyfill's EEOC complaint and dismissal, the "Deposition of Lessie L. Turbyfill," the "Affidavit of Make Parrish," the "Affidavit of Roger Webb," the "Affidavit of Gene Beasley," and an excerpt from the Paxar Employee Handbook - all filed with "Defendant Paxar's Americas, Inc.'s Brief in Support of Motion for Summary Judgment" (Document No. 12). Having carefully considered the arguments, the record and the applicable authority, the undersigned will <u>grant</u> Paxar Americas, Inc.'s uncontested motion for summary judgment as set forth

1

below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ms. Turbyfill filed a complaint alleging that Paxar engaged in an unlawful employment practice when it terminated her in retaliation for complaints she made regarding sexual harassment she experienced, as well as harassment aimed at another temporary employee, at her place of employment. Paxar contends that Ms. Turbyfill has failed to allege a *prima facie* case of retaliation, and, if she had, she failed to rebut the legitimate and non-retaliatory reason given by Paxar for her termination. The Court agrees with Paxar.

### A. Ms. Turbyfill's Complaints Of Alleged Sexual Harassment

The business of Paxar Americas, Inc. ("Paxar") includes the design, manufacture and distribution of a wide variety of tags and labels to the apparel and textile related industries, as well as printers and the associated supplies for customers who prefer the flexibility of creating tags and labels on an "as-needed" basis in their facilities. Ms. Turbyfill was hired by Paxar in or about October 1999.

In late June 2003, Ms. Turbyfill met with Plant Manager Gene Beasley and complained about multiple instances of alleged sexual harassment directed toward her and her daughter by co-workers Darrell McCarty, Robert Gilbert and Dalarie Gore, shift foreman Tracy Boughman and Department Manager Roger Webb. Mr. Beasley instructed Human Resources Director Mike Parrish to conduct a thorough investigation. Mr. Parrish interviewed every person identified by Ms. Turbyfill as engaging in or witnessing inappropriate behavior. Although most of the alleged conduct was not sexual in nature or could not be substantiated, Mr. Parrish reminded all of the alleged harassers

of Paxar's policy and prior harassment training and instructed them that any further instances of inappropriate comments or conduct toward Ms. Turbyfill or anyone would result in termination.

On July 16, 2003, Mr. Beasley and Mr. Parrish met with Ms. Turbyfill to review all of her allegations and the results of Paxar's investigation. Mr. Beasley and Mr. Parrish emphasized that as of July 8, 2003, all of the involved employees had been told the seriousness of the situation and that any further problems of this nature would result in their termination. Mr. Parrish encouraged Ms. Turbyfill to speak to corporate Vice President of Human Resources Rhonda Mangieri if she felt the need to discuss things further. Ms. Turbyfill had a conversation with Ms. Mangieri on July 22, 2003. On July 23, 2003, Mr. Parrish issued a closure memo to Ms. Turbyfill recounting the investigation and the remedial actions taken.

Ms. Turbyfill stated in her deposition, "Deposition of Leslie L. Turbyfill" (Document No. 12), that she did not witness, observe or hear of any alleged sexual harassment at Paxar after July 23, 2003 except for one alleged comment by Mr. Boughman that he was "the man" for her. She does not recall when that comment was made and did not complain to anyone about it.

**B. Ms. Turbyfill's Conduct Immediately Prior to Termination of Employment**

On December 3, 2003, an incident occurred where Mr. Boughman authorized Ms. Gore to take a box of supplies that were near Ms. Turbyfill's work station. Ms. Turbyfill saw Ms. Gore taking the box and confronted Mr. Boughman. Mr. Boughman apologized, informed Ms. Turbyfill that he had given Ms. Gore permission, and then retrieved another box for Ms. Turbyfill. Ms. Turbyfill called Mr. Beasley to report the incident. A

meeting was held on December 9, 2003 with Ms. Turbyfill, Mr. Beasley, Mr. Parrish, Mr. Boughman, Mr. Webb, and Supervisor Ms. Mink. Ms. Turbyfill reported that she was upset because Ms. Gore had taken the box of supplies from her work station without asking her. Mr. Beasley stated that Mr. Boughman had given Ms. Gore permission and then corrected the issue by getting Ms. Turbyfill a new box. When Ms. Turbyfill insisted that it was not right for Ms. Gore to take her box, Mr. Beasley reiterated that the issue had been corrected properly by Mr. Boughman and that no one at Paxar had done anything deliberately to upset her.

On the same day, Ms. Turbyfill placed an anonymous, and unrequested, phone call to Kelly Pritchard, the President of Foothills Temporary Employment, Inc., to complain about the treatment of another employee. She reported her belief that Paxar treated people unfairly, mentioning temporary employee Glenda Bean specifically as someone who was not given sufficient training. Ms. Turbyfill admitted during her deposition that the alleged unfair treatment of Glenda Bean was not sexual harassment, and that she did not think she even mentioned sexual harassment during her call to Ms. Pritchard. Ms. Turbyfill further admitted that Ms. Bean did not ask Ms. Turbyfill to complain on her behalf, and that Ms. Turbyfill made no effort to speak to anyone at Paxar regarding the alleged unfair treatment of Ms. Bean prior to calling Ms. Pritchard.

According to the "Affidavit of Gene Beasley" (Document No. 12) and the "Affidavit of Make Parrish" (Document No. 12), Ms. Pritchard identified the phone number from which the call had been placed and notified Paxar of the incident on December 11, 2003, stating that the caller was frustrated, bitter, angry and very negative toward Paxar. Mr. Beasley and Mr. Parrish matched the phone number provided by Ms.

4

Pritchard with Ms. Turbyfill, and then met with Ms. Turbyfill on December 11, 2003 to review the report from Ms. Pritchard. Ms. Turbyfill acknowledged making the phone call to Ms. Pritchard in which she discussed the alleged unfair treatment of Ms. Bean and made negative statements about Paxar's work environment. In light of this acknowledgment, Mr. Beasley and Mr. Parrish decided to terminate Ms. Turbyfill's employment. Mr. Beasley informed Ms. Turbyfill that her employment was being terminated based on her call to the temporary service. Ms. Turbyfill acknowledges that there was no mention of sexual harassment by anyone during the termination meeting.

On April 29, 2004, Ms. Turbyfill filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation in connection with her termination from employment. The EEOC issued a Dismissal and Notice of Rights dated April 30, 2004. Ms. Turbyfill filed a complaint on July 20, 2004, with assistance of counsel, in the General Court of Justice, Superior Court Division for the County of Caldwell, North Carolina, alleging a single cause of action for retaliation in connection with her termination from employment. On August 19, 2004, Paxar filed a Notice of Removal pursuant to 28 U.S.C. § 1332 based on the existence of federal question subject matter jurisdiction. On May 31, 2005, counsel for Ms. Turbyfill moved to withdraw. That motion was granted by this Court on June 23, 2005. Ms. Turbyfill has since proceeded *pro se.*

In accordance with the dictates of *Roseboro*, the Court notified Ms. Turbyfill on January 24, 2006, that she had the right to file a response in opposition to Paxar's motion for summary judgment. Ms. Turbyfill was warned that her failure to respond by February 24, 2006, may result in the Court granting summary judgment against her and

5

in favor of Paxar. Ms. Turbyfill has not responded to this motion, and has failed to request an extension of time or otherwise meaningfully participate in the prosecution of her action.

Accordingly, the Court concludes that Paxar's contentions are undisputed. There being no genuine issue of material fact, the Court will <u>grant</u> the "Motion for Summary Judgment of Defendant Paxar Americas, Inc." (Document No. 11).

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted when the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and… the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). Once the movant has met its burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the party opposing summary judgment may not rest upon mere allegations or denials, and, in any event, a mere "scintilla of evidence" is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 251.

When considering motions for summary judgment, the Court must view facts and inferences in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255; *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to

6

find for the non-moving party, there [being] no genuine issue for trial." *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotations omitted).

### III. DISCUSSION

The United States Supreme Court first articulated the now-familiar proof scheme for analyzing employment discrimination cases under federal anti-discrimination statutes in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Retaliation claims under the federal anti-discrimination statutes are similarly governed by the *McDonnell Douglas* framework. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650 (4th Cir. 2002); *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 656 (4th Cir. 1998).

A plaintiff must first establish, by a preponderance of the evidence, a *prima facie* case of retaliation. *Dowe*, 145 F.3d at 656. If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to rebut the presumption of retaliation by articulating non-retaliatory reasons for its actions. *Dowe*, 145 F.3d at 656. Once established, the presumption raised by the *prima facie* case drops from the picture and the plaintiff bears the ultimate burden of proving that she has been the victim of retaliation. *Dowe*, 145 F.3d at 656. To meet this burden, a plaintiff must demonstrate that the cited reasons for the employment actions taken against her were pretextual and that unlawful retaliation was the determinative factor in the challenged decisions. *Ross*, 759 F.2d 355, 365-66. "The plaintiff always has the ultimate burden of persuading the trier of fact that the defendant engaged in retaliatory conduct." *Beall v. Abbott Labs.*, 130 F.3d 614, 619 (4th Cir. 1997) (citing *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)).

### A. Ms. Turbyfill has not demonstrated a *prima facie* case of retaliation.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must demonstrate the following: "(1) plaintiff engaged in protected activity, such as filing an EEO complaint; (2) the employer took adverse employment action against plaintiff; and (3) a causal connection existed between the protected activity and the adverse action . . . ." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180 (4th Cir. 2004); *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994).

With regard to the first *prima facie* element, part of the "protected activity" Ms. Turbyfill asserts in her Complaint is her December 9, 2003 phone call to Ms. Pritchard, the president of Foothills Temporary Employment, Inc. Ms. Turbyfill admitted in her deposition, however, that her phone call to Ms. Pritchard involved alleged improper training and unfair treatment of Paxar temporary employee Glenda Bean, *not* sexual harassment. Complaints about generalized unfair treatment do not constitute "protected activity" for purposes of a Title VII retaliation claim. *See, e.g., McNair v. Computer Data Sys., Inc.,* 1999 U.S. App. LEXIS 1017, *17 (4th Cir. 1999) (finding that general complaint to third party client of unfair treatment does not translate into charge of illegal discrimination); *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 702 (3rd Cir. 1995) (stating that general complaints about unfair treatment without alleging that employer engaged in unlawful discriminatory conduct do not qualify as protected activity); *Felix v. Sun Microsystems, Inc.*, 2004 U.S. Dist. Lexis 7508, *58-60 (D. Md. 2004) (holding that plaintiff failed to state *prima facie* case of retaliation because her generalized complaints of harassment to various members of human relations department did not specifically reference ADA or FMLA, and thus did not qualify as protected activity). Accordingly,

the Pritchard phone call cannot satisfy the "protected activity" element of Ms. Turbyfill's *prima facie* case.

The only relevant "protected activity" in this case is Ms. Turbyfill's internal complaint of alleged sexual harassment in June 2003. Paxar does not dispute that Ms. Turbyfill made such a complaint in June 2003, or that she suffered an adverse employment action when her employment was terminated in December 2003. Ms. Turbyfill has not, however, established the last element of her *prima facie* case – that a causal connection existed between those independent events.

While evidence that an adverse employment action occurred *shortly* after the employer became aware of protected activity may be sufficient to demonstrate causation, in the instant case, given the six month time lapse between Ms. Turbyfill's June 2003 complaint and her December 2003 termination, Ms. Turbyfill has not established the requisite causal connection sufficient to satisfy the third element of her *prima facie* case. *See Hooven-Lewis v. Caldera*, 249 F.3d 259, 278 (4th Cir. 2001) (affirming summary judgment and holding that "a six month lag is sufficient to negate any inference of causation"); *Shabica v. Engineering Sales Associates of the Southeast, Inc.*, 1999 U.S. App. LEXIS 599, *12-13 (4th Cir. 1999) (finding that seven month time lapse negates any inference that casual connection exists)*; See also Wells v. Colorado Dep't of Transp.*, 325 F.3d 1205, 1217 (10th Cir. 2003) (finding five month gap between protected activity and adverse action would ordinarily be too great a time lapse to support inference of causation); *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 399 (7th Cir. 1999) (noting that four month delay was "substantial time lapse between the protected activity and the adverse employment action that constituted counter-evidence of a causal

connection"). Thus, Ms. Turbyfill has failed to allege a *prima facie* case on the basis of either of these allegations.

**B. Even if Ms. Turbyfill had demonstrated a *prima facie* case of retaliation, Paxar has articulated a legitimate, non-retaliatory reason for the challenged employment decision, which has not been rebutted.**

Even assuming, *arguendo*, that Ms. Turbyfill had demonstrated a *prima facie* case of retaliation, Paxar has stated a legitimate non-retaliatory reason for the termination of Ms. Turbyfill's employment, which Ms. Turbyfill has failed to rebut. Paxar claims that Ms. Turbyfill's employment was terminated based on her December 9, 2003, telephone conversation with Ms. Pritchard, which Paxar viewed as a violation of Rule 37 of its Employee Handbook. Rule 37 states that "[m]aking false, vicious or malicious statements concerning any employee, the Company/Corporation, its products or customers" may result in discipline, up to and including immediate termination. According to Paxar, the legitimate, non-retaliatory purpose of this rule is to maintain and protect Paxar's reputation and the reputation of its employees and customers.

Ms. Turbyfill has offered no evidence of retaliation by Paxar to rebut Paxar's claim. As the Fourth Circuit has stated, "'[m]ere knowledge on the part of an employer that an employee . . . has [made] a discrimination [complaint] is not sufficient evidence of retaliation to counter substantial evidence of legitimate reasons' for discharging that employee." *Burns v. UniNet, Inc.*, 2000 U.S. App. LEXIS 6220, *15 (4th Cir. 2000) (finding employer had legitimate reasons for discharging plaintiff due to her unsatisfactory work performance) (quoting *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)), *cert. denied*, 531 U.S. 879 (2000).

The Title VII retaliatory discrimination provision was "not intended to immunize

insubordinate, disruptive or nonproductive behavior at work." *Armstrong v. Index Journal Co.*, 647 F.2d 441, 448 (4th Cir. 1981). At all times, employers retain the right to discipline or terminate employees for any legitimate, nondiscriminatory reason. *Glover v. South Carolina Law Enforcement Div.,* 170 F.3d 411, 414 (4th Cir. 1999), *cert. dismissed*, 528 U.S. 1146 (2000). Moreover, although employees have the right to voice their opinions in order to bring attention to an employer's discriminatory activities, courts have recognized that this right is not absolute and that consideration must be given to the legitimate operational concerns of the employer. *McNair,* 1999 U.S. App. LEXIS at *17-18. As a result, courts must "balance the purpose of the Act [Title VII] to protect persons engaging reasonably in activities opposing . . . discrimination, against Congress' equally manifest desire not to tie the hands of employers in objective selection and control of personnel." *Id*. at *18; *see also Suarez v. Charlotte-Mecklenburg Schools*, 123 F. Supp. 2d 883, 898 (W.D.N.C. 2000) (stating that careless and uncounselled accusations of discrimination are not necessarily protected by Title VII's opposition clause) (citing *Bray v. Tenax Corp.*, 905 F. Supp. 324, 328 (E.D.N.C. 1995)).

In sum, Ms. Turbyfill has not established a *prima facie* case based on retaliation, nor has she rebutted the Defendant's legitimate, non-retaliatory reason for its action. Accordingly, the Court orders that the Defendant's motion for summary judgment is <u>granted</u>.

### IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that, for all the foregoing reasons, the "Motion for Summary Judgment of Defendant Paxar Americas, Inc." (Document No. 11) is **GRANTED**.

Signed: June 19, 2006

David C. Keesler
United States Magistrate Judge